# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF
# LOUISIANA

| | |
|---|---|
| **COURTNEI HAYES** | * |
| | * |
| **VS** | * |
| | * |
| **WADE HILL, MURPHY PAUL** | * |
| **IN HIS CAPACITY AS CHIEF OF** | * |
| **POLICE FOR THE CITY OF BATON** | * |
| **ROUGE, BATON ROUGE POLICE** | * |
| **DEPARTMENT, AND THE CITY OF** | * |
| **BATON ROUGE, NORTH GATE** | * |
| **APARTMENTS** | |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsels, comes the Plaintiff, Courtnei Hayes (hereinafter referred to as "Petitioner," "Plaintiff," or "Ms. Hayes") a person of full age and of majority, resident and domiciled within the Middle District of Louisiana, respectfully represents to this Honorable Court the following:

1.

Made Defendants herein are the following:

A.) THE CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE, a local government entity and body politically created by statute, being a municipality, and political subdivision of the State of Louisiana, but not an agency, or department, or arm of the State of Louisiana (hereinafter sometimes referred to as "City," "Parish," "City Parish," or "C-P"), and owns, operates, manages, directs, and controls the Baton Rouge Police

Department ("BRPD"), which employed the Defendant WADE HILL and Defendant MURPHY PAUL;

B.) WADE HILL (hereinafter referred to as "Mr. Hill" or "Officer Hill"), was at all relevant times to this complaint an officer in the Baton Rouge Police Department, and is a person of full age and of majority, domiciled in East Baton Rouge Parish. He is sued in his individual capacity;

C.) MURPHY PAUL (hereinafter referred to as "Chief Paul"), is and was at all relevant times the Chief of BRPD, a person of full age and majority domiciled in East Baton Rouge Parish. He is sued in his official capacity;

D.) NOTHGATE APARTMENTS, a residential building that has a principle place of business in East Baton Rouge Parish, and an unknown domicile; which is believed to employed Officer Wade Hill when he is off duty and provided him with an apartment unit for his personal use

E.) At all times relevant to this complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to the plaintiff.

F.) At all times to this Complaint, all defendants acted under the color of state law.

## JURISDICTION AND VENUE

2.

The United States District Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. 1983 and 28 U.S.C. 1331, 1343(a)(3), and 1367(a).

3.

The Middle District of Louisiana is the appropriate venue to bring this complaint, because the facts that give rise to Plaintiff's claims all took place within the Middle District of Louisiana.

**FACTUAL ALLEGATIONS SURROUNDING JANUARY 8, 2022**

4.

On or about January 8, 2022 between the hours of 1:00am-2:00am, Baton Rouge Police Department (BRPD) Officers responded to a domestic disturbance involving the Plaintiff and her children's father, in East Baton Rouge Parish.

5.

Officer Hill was one of the responding officers at the scene. He first made contact with the plaintiff, while she was sleeping in the bed with her toddler.

6.

The plaintiff was only undergarments when BRPD Officers made contact with her. While a female officer was inside the residence, Officer Hill escorted her to the bathroom to put on clothes.

7.

Once outside the residence, Officer Hill informed Ms. Hayes that she would not go to jail. However, a short time thereafter, Officer Hill recanted, explaining to Ms. Hayes that his supervisor overrode his decision because the judge received pictures of her partner's injuries uploaded to a cloud.

8.

Ms. Hayes pled with Officer Hill, trying to avoid going to jail, as she was afraid that her boyfriend might abscond with their minor child.

9.

Officer Hill handcuffed Ms. Hayes and placed her in the back of his unit.

10.

Ms. Hayes was not immediately transported to jail. With Ms. Hayes confined in the back seat of Officer Hill's BRPD unit, Officer Hill drove to various parts of Baton Rouge. He claimed to be on the phone with his supervisor trying to convince him that Ms. Hayes should not be brought to jail.

11.

In between allegedly trying to convince his supervisor to give Ms. Hayes a break, he engaged in conversation with Ms. Hayes. The conversation initiated by Hill ranged from generic conversation to inappropriate sexual content.

12.

Eventually, Officer Hill arrived to the precinct, where Ms. Hayes recognized another officer, with whom she was personally acquainted. This officer vouched for Ms. Hayes' character to Officer Hill.

13.

While conducting the intake interview, Ms. Hayes was asked if she had been exposed recently to anyone who had contracted COVID-19. Ms. Hayes answered in the affirmative, and subsequently transported to the hospital in Officer Hill's unit to take a COVID test.

14.

After taking the COVID test, Officer Hill transported Ms. Hayes to an unknown private residence.

15.

Once they arrived at the residence, Officer Hill went inside the residence, leaving Ms. Hayes confined to the back seat, and returned with a summons for Domestic Violence, which he issued upon Ms. Hayes.

16.

After accepting Summons No. 618240 at 7:27am, Ms. Hayes was not released. Instead, she was transported in this BRPD unit to the North Gate Apartments in Baton Rouge, Louisiana. Upon arrival, Officer Hill informed Ms. Hayes that he would her get charges dropped if she had sex with him.

17.

Having been confined for hours, transported from place to place with Officer Hill, Ms. Hayes accompanied Officer Hill into the apartment to have sex. She was fearful of the consequences to follow if she chose not to satisfy his requests.

18.

After being coerced into having sex with Officer Hill, he brought Ms. Hayes to her best friend's house and then later escorted her to gather her belongings from the residence she shared with her partner in East Baton Rouge Parish. Officer Hill even offered the petitioner his apartment at the North Gate apartment complex to live there.

19.

At all times relevant to this Complaint, the conduct of Defendant Hill was in willful, reckless, and callous disregard of Plaintiff's rights under federal and state law. Additionally, as a

direct result and proximate result of the conduct of all Defendants, Plaintiff suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

**FACTUAL ALLEGATIONS SURROUNDING EMPLOYMENT, TRAINING, SUPERVISION, AND DISCIPLINE OF DEFENDANT HILL**

20.

The City of Baton Rouge utilizes and employs its own police department known as the Baton Rouge Police Department (BRPD). The Chief of BPRD at all relevant times before, during, and after this incident was Chief Murphy Paul, making him the responsible decision maker and policy maker for the BRPD.

21.

The response to the domestic call, misrepresentations, coercion, sexual assault, and illegal conduct sued upon herein occurred in the City of Baton Rouge, and in the exclusive territorial jurisdiction of the City of Baton Rouge's Police Department.

22.

In Chief Paul's official capacity, he was and is responsible for adopting, implementing, promulgating, and enforcing policies, customs, and practices pertaining to making arrests and preserving peace in the City of Baton Rouge.

23.

Additionally, Chief Paul is responsible for the screening, hiring, disciplining, training, supervising, and the retraining of Baton Rouge Police Officers to ensure each police officer was

and is qualified and properly trained to perform the duties and functions of a peace officer including making arrests, and preserving the peace.

24.

Based on the extreme misconduct of Defendant Hill and upon information and belief, Defendants Paul and City of Baton Rouge did not properly examine and scrutinize the background of Officer Hill.

25.

Based on the extreme misconduct of Defendant Hill and upon information and belief, Defendants Paul and City of Baton Rouge did not properly train, supervise, and/or discipline Defendant Hill with regard to proper police practices.

26.

Upon information and belief, in willful, reckless, and callous disregard to Ms. Hayes rights under federal and state law, Defendants Paul and City of Baton Rouge did not have a sexual harassment policy in place to protect citizens from police officers in the City of Baton Rouge at all relevant times.

27.

Defendant Hill's extreme misconduct was a product of this environment and undertaken pursuant to de facto policies, practices, and/or custom, both written and unwritten, of the BRPD and the City of Baton Rouge.

28.

Defendants Paul and City of Baton Rouge are guilty of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train BRPD Officers;

2. Failing to reprimand and discipline BRPD Officers who engage in misconduct;

3. Failing to protect citizens from BRPD Officers who engage in detaining citizens without a lawful purpose;

4. Failing to follow appropriate policies and procedures to address sexual harassment by officers to citizens;

5. Failing and inadequately investigating complaints and allegations of sexual harassment and other misconduct by BRPD Officers;

6. Tacitly approving of BRPD Officers using their power and position to interfere with other citizens' rights;

7. As a matter of both policy and practice, the City of Baton Rouge and the BRPD facilitating this type of misconduct by failing to protect civilians from the reckless indifference of Defendant's City agents, servants, and employees in its Police Department.

29.

As a direct result and proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

## CAUSES OF ACTION

*Count I*
*Plaintiff v. Defendant Hill, Defendant Paul, and City of Baton Rouge Federal Constitutional Claims*

30.

The actions of Defendants Hill, Defendant Paul, and City of Baton Rouge violated Plaintiff's rights under the Fourth and Fourteenth Amendments to be free from unlawful detention, sexual assault, the unlawful use of power, and threat of malicious prosecution.

## Count II
### *Plaintiff v. Defendant Paul and City of Baton Rouge Federal Constitutional Claims*

31.

The actions or in-actions of Defendant Paul and the City of Baton Rouge violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, directly or proximately causing the injuries suffered by Plaintiff due to Defendant Paul and the City of Baton Rouge failure to train, supervise, and discipline Defendant Hill.

32.

The actions or in-actions of Defendant Paul and the City of Baton Rouge violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing the injuries suffered by Plaintiff by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

## Count III
### *Plaintiff v. Defendant City of Baton Rouge Federal Constitutional Claims*

33.

The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff's damages, and/or the conduct of the individual

Defendants were directly and proximately caused by the actions and/or inactions of the Defendant City of Baton Rouge, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Responding to a domestic dispute call;

b. Legal cause to criminally charge a citizen;

c. Abuse of power by police officers;

d. Police officers' duties and responsibilities to engage in proper investigative techniques;

e. The proper exercise of police powers, including not limited to the making of an arrest, the use of influence, and the use of criminal charges to coerce citizens into accepting sexual advances;

f. Police officers' duties not to fabricate charges against citizens;

g. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

h. The hiring and retention of officers who are unqualified for their employment positions;

i. Police officers' use of their status as police officers to employ the use of coercion or to achieve ends not reasonably related to their police duties;

j. The failure of police officers to follow established policies, procedures, directive, and instructions regarding arrests, use of influence, and the threat institution of criminal charges under such circumstances as presented by this case;

k.  The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Baton Rouge police officers;

l.  As a matter of both policy and practice the City of Baton Rouge and the BRPD facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's City agents, servants, and employees in its Police Department;

Count IV

*Plaintiff v. Defendants Hill, Paul, City of Baton Rouge,*
*and North Gate Apartments*
*State Law Claims*

34.

Ms. Hayes avers that the Defendants are responsible and liable under Louisiana Civil Code Articles 2315 and 2317, which requires that every act, whatever man that causes damage, obligates him by whose fault it is to repair it; and individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

35.

The actions and/or in-actions of Defendant Hill, under the law of the State of Louisiana, constitute the torts of:

a. False imprisonment;

b. Assault;

c. Intentional Infliction of Emotional Distress;

d. Malicious Prosecution;

    e. Intentional Misrepresentation;

    f. Abuse of Process;

    g. Sexual Battery

36.

The actions and/or in-actions of Defendants Paul and City of Baton Rouge, under the law of the State of Louisiana, constitute the torts of:

    a. False imprisonment;

    b. Aggravated Assault;

    c. Intentional Infliction of Emotional Distress;

    d. Intentional Misrepresentation;

    e. Abuse of Process;

    f. Negligent Retention;

    g. Negligent Supervision;

    h. Negligent Hiring

JURY TRIAL DEMAND

37.

Ms. Hayes requests a trial by jury.

PRAYER FOR RELIEF

38.

Ms. Hayes respectfully requests:

a. Compensatory damages as to all defendants;

b. Punitive damages as to Defendants Hill, Paul, and the City of Baton Rouge;

c. Reasonable attorneys' fees under 42:U.S.C.1988 and costs as to all Defendants;

d. Interest;

e. Order such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

**HALEY & ASSOCIATES**

**/s/ Ronald S. Haley, Jr.**
RONALD S. HALEY, JR.
Louisiana Bar Roll No. 30900
ASHLEY GREENHOUSE
Louisiana Bar Roll No. 32166
RYAN J. BEAULIEU
Louisiana State Bar Roll No. 39799
8211 Goodwood Blvd. Suite E
Baton Rouge, LA 70806
Telephone: (225) 663-8869
Facsimile: (888) 900-9771
rhaley@ronaldhaleylawfirm.com