UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COURTNEI HAYES

VERSUS

WADE HILL, MURPHY PAUL IN
HIS CAPACITY AS CHIEF OF POLICE
FOR THE CITY OF BATON ROUGE,
BATON ROUGE POLICE
DEPARTMENT, AND THE CITY OF
BATON ROUGE, NORTH GATE
APARTMENTS

CIVIL ACTION

23-511-SDD-SDJ

### RULING

Local Rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. In the present case, a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)[1] was electronically filed by Defendants City of Baton Rouge/Parish of East Baton Rouge and Wade Hill ("Defendants"), on May 21, 2024. An opposition to this motion was due no later than June 11, 2024. To date, no opposition has been filed, and there is no indication in the record that this motion was ever withdrawn or that Plaintiff sought an extension of time to respond.

Notably, now-dismissed Defendant Chief Murphy Paul filed a Motion to Dismiss[2] in this matter that was granted by the Court, in part, based on Plaintiff's failure to oppose that motion.[3] Further, Plaintiff acknowledged the present motion in the Joint Status

---

[1] Rec. Doc. 31.
[2] Rec. Doc. 21.
[3] Rec. Doc. 23.

Report filed on May 21, 2024,[4] but never sought an extension of time to oppose the motion.

Therefore, this Motion is deemed to be unopposed, and further, after reviewing the record, the Court finds that the Motion has merit as a matter of law based on prescription. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)[5] is GRANTED, and all claims asserted against the City/Parish and Wade Hill are dismissed from this lawsuit with prejudice.

Any response to this Ruling <u>explaining the failure to comply with the deadline</u>, based on the appropriate Federal Rule of Civil Procedure, shall be filed within fourteen (14) days of the date of this Ruling <u>and</u> must be accompanied by an opposition memorandum to the original Motion. Counsel for Plaintiff is cautioned that the Fifth Circuit has routinely concluded that calendaring errors do not constitute "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).[6]

---

[4] Rec. Doc. 32.
[5] Rec. Doc. 31.
[6] *See, e.g., Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 Fed.Appx. 431, 432 (5th Cir. 2012) (affirming the district court's denial of a Rule 60(b)(1) motion where the lawyer "forgot to 'calendar' the deadline for a response"); *cf. Brittingham v. Wells Fargo Bank, N.A.*, 543 Fed.Appx. 372, 374 (5th Cir. 2013) ("We have previously held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel.").

The only remaining named Defendant in this matter is North Gate Apartments, but the record does not reflect that this Defendant has been served. Accordingly, the Court will enter Judgment in favor of all defendants in this matter.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this **14** day of January, 2025.

*Shelly Dick*
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**