UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**COURTNEI HAYES**  **CIVIL ACTION**

**VERSUS**

**WADE HILL, ET AL**  **NO.: 23-511-SDD-SDJ**

<u>**JOINT MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(b)**</u>

**MAY IT PLEASE THE COURT:**

The defendants, the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") and Wade Hill, through undersigned counsel, respectfully submit this memorandum in opposition to Plaintiff's Motion for Relief under Rule 60(b), Rec. Doc. 38. For the reasons herein, Plaintiff's motion should be denied.

**PROCEDURAL HISTORY**

On May 21, 2024, the City/Parish and Hill filed their Joint Motion to Dismiss. Rec. Doc. 31. No opposition or request for additional time was filed or received at any time while the motion remained pending. On January 14, 2025, the Court issued its Ruling granting the motion with prejudice. Rec. Doc. 31. On January 28, 2025, Plaintiff filed her Motion for Relief under Rule 60(b) and accompanying opposition memorandum to the original motion. Rec. Doc. 38.

**STANDARD OF LAW**

In pertinent part, Rule 60(b) states:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
… or
(6) any other reason that justifies relief.

Whether a party is entitled to relief for excusable neglect is "at bottom an equitable [determination]." *Pioneer Inv. Services, Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Fifth Circuit relies on the standard from *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship* to analyze excusable neglect under Rule 60(b)(1). *D.R.T.G. Builders, LLC v. Occupational Safety and Health Review Commission,* 26 F.4th 306, 312 (5th Cir. 2022); *Coleman Hammons Constr. Co. Inc. v. O.S.H.R.C.*, 942 F.3d 279, 283 (5th Cir. 2019); *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998).

## LAW & ARGUMENT

Plaintiff seeks relief pursuant to Rule 60(b) based upon excusable neglect or otherwise any other reason that justifies relief, being extraordinary circumstances. Under the *Pioneer* analysis, Plaintiff fails to establish any of the factors in her favor. Likewise, extraordinary circumstances as contemplated by Rule 60(b)(6) have not been shown. Accordingly, Plaintiff's motion should be denied.

**I.    *Pioneer* analysis does not support granting Plaintiff's motion.**

The Supreme Court has explained that the determination of what sorts of neglect will be considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Drewery obo Felder v. Gautreaux*, 2020 WL 5441230 at *4 (M.D.La. 2020) (citing *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Under *Pioneer*, the Court looks to "the danger of prejudice, ... the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *D.R.T.G. Builders, LLC,* 26 F.4th at 312 (citing *Pioneer*, 507 U.S. at 395; *Bennett v. GEO Grp.,*

*Inc.*, 2013 WL 5916765, at *3 (5th Cir. 2013)). The party seeking relief bears the burden of showing that Rule 60(b) relief should be granted.

In *D.R.T.G. Builders, LLC*, the Rule 60(b) movant sought to undo a default judgment in favor of OSHA regarding its notice to D.R.T.G. of a workplace violation citation. *D.R.T.G. Builders, LLC,* 26 F.4th at 309. In short, DRTG had fifteen working days from receipt of the citation to file a notice of contest pursuant to 29 U.S.C. § 659(a). *Id*. at 309-10. D.R.T.G. submitted the responsive "notice of contest" merely fourteen days late, which the Fifth Circuit acknowledged caused no prejudice to the non-movant. *Id.* at 310, 312. However, the Fifth Circuit also noted that the movant "still waited more than two weeks to file the notice of contest and made no effort to contact OSHA in the interim. This factor favors OSHA." *Id*.

Here, the Joint Motion to Dismiss went without any form of response until after the Ruling of dismissal, eight *months* after the original motion was filed. There is a substantial prejudice against the defendants where a party may submit opposition to a motion under such circumstances. Plaintiff failed to meet the opposition memorandum deadline of twenty-one days, which is undoubtedly important. But more pertinent to Plaintiff's Rule 60(b)(1) motion, Plaintiff did not offer explanation as to the motion going unopposed through adjudication despite Plaintiff being a recipient and registered filer of the CM/ECF filing system for this case. Local Civil Rule 5(f) states, "[a]s provided by Fed. R. Civ. P. 5(b)(2)(E), if a recipient is a registered filer in the Court's Electronic CM/ECF Filing System, service is complete when the document is electronically filed or uploaded to the Court's system." M.D.La. L.R. 5(f)(1).

The first two factors of prejudice and length of delay weigh against Plaintiff. Factors three (good faith) and four (reason for delay) are not directly addressed by Plaintiff, which is her

burden to satisfy. Based upon the foregoing, the *Pioneer* analysis herein lends itself to denial of Plaintiff's Rule 60(b) motion.

## II.     No showing of extraordinary circumstances under Rule 60(b)(6).

Plaintiff's circumstances do not warrant Rule 60(b)(6) relief. To justify relief under subsection (6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay. *Drewery*, 2020 WL 5441230 at *5 (citing *Pioneer*, 507 U.S. at 393). The categories of relief under Rule 60 "are mutually exclusive from one another, meaning that an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (internal quotation omitted).

Plaintiff relies upon *Klapprott v. U.S.*, 335 U.S. 601 (1949) to show extraordinary circumstances exists here. Rec. Doc. 38-1 at 4. In *Klapptrott*, the Supreme Court reversed a default judgment in favor of a denaturalization complaint upon a finding of the defendant's extraordinary circumstances. *Id*. at 615-16. Notably, those circumstances were drastically distinct:

> But petitioner's allegations set up an extraordinary situation which cannot fairly or logically be classified as mere 'neglect' on his part. The undenied facts set out in the petition reveal far more than a failure to defend the denaturalization charges due to inadvertence, indifference, or careless disregard of consequences. ***For before, at the time, and after the default judgment was entered, petitioner was held in jail in New York, Michigan, and the District of Columbia by the United States, his adversary in the denaturalization proceedings***. Without funds to hire a lawyer, petitioner was defended by appointed counsel in the criminal cases. Thus petitioner's prayer to set aside the default judgment did not rest on mere allegations of 'excusable neglect.' The foregoing allegations and others in the petition tend to support petitioner's argument that he was deprived of any reasonable opportunity to make a defense to the criminal charges instigated by officers of the very United States agency which supplied the secondhand information upon which his citizenship was taken away from him in his absence. *Id.* at 613-14.

Here, no such circumstances exist. The passing of one's father is a difficult reality for most in this world. However, such circumstances surrounding the loss of a loved one do not amount to extraordinary circumstances pursuant to Rule 60(b)(6). Eight months without a phone call or letter, much less the requisite motion, seeking an extension or else to file out of time is an inexplicable period of time where Plaintiff knew at all times of the original motion. Plaintiff's contention of "heinousness of the allegations" merely lends itself to the necessity of prosecuting the case in due course. See Rec. Doc. 38-1 at 4. Nevertheless, such argument is not supported by *Klapptrott* or the standard of Rule 60(b)(6).

## CONCLUSION

For the reasons stated herein, the defendants respectfully request that Plaintiff's motion be denied, and the Court's Ruling, Rec. Doc. 35, stands as final.

**RESPECTFULLY SUBMITTED:**
**A. GREGORY ROME**
**PARISH ATTORNEY**

/s/ Michael P. Schillage
**Michael P. Schillage (#35554)**
**Sr. Special Assistant Parish Attorney**
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone:     (225) 389-3114
Facsimile:      (225) 389-8736
Email: mschillage@brla.gov
*Attorney for Defendant, City of Baton Rouge/Parish of East Baton Rouge*

**RESPECTFULLY SUBMITTED:**

/s/ Raushanah S. Hunter
**Raushanah S. Hunter (#34227)**
**HUNTER LEGAL, LLC**
1822 N. Acadian Thwy. W.
Baton Rouge, Louisiana 70802
Telephone:     (225) 356-5252
Facsimile:      (225) 356-8355
Email: hunterlegal@outlook.com

-And-

/s/ Ethel M. Clay
**Ethel M. Clay (#31103)**
**Ethel M. Clay, Attorney at Law, LLC**
338 N. Eugene Street
Baton Rouge, Louisiana 70802
Email: eclayesq@gmail.com
*Attorneys for Defendant, Wade Hill*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

    Baton Rouge, Louisiana this 18th day of February, 2025.

                        **/s/ Michael P. Schillage**
                        **MICHAEL P. SCHILLAGE**